Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III[1]

| | | |
|---|---|---|
| ASOCIACIÓN DE RESIDENTES DE RIVER GARDEN, INC.<br><br>Demandante Recurrida<br><br>v.<br><br>JORGE ANDÚJAR RIVERA Y OTROS<br><br>Demandadas Peticionarias | KLCE202500635 | Certiorari procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.:<br>CA2024CV03653<br><br>Sobre:<br>Cobro de dinero Ordinario y Otros |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Salgado Schwarz y el Juez Monge Gómez.

Candelaria Rosa, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 25 de junio de 2025.

El presente caso remite a una demanda por el incumplimiento de un servicio de auditoría incoada por el Recurrido contra el Recurrente, la cual durante su trámite produjo un acuerdo de pago, a propósito del cual eventualmente el Tribunal de Primera Instancia estimó incumplido, lo cual adjudicó mediante Sentencia en rebeldía. Luego, como parte de la ejecución de esta, el Recurrente levantó argumentos de nulidad de procedimientos y pidió el relevo de dicha Sentencia. Sin embargo, el Tribunal de Primera Instancia rechazó eximir de los efectos de la Sentencia en cuestión. Ahora, el Recurrente comparece ante este Tribunal a fin de que se revoque tal determinación.

---

[1] Mediante la Orden Administrativa DJ-2024-062C emitida el 6 de mayo de 2025 se designó al Hon. Carlos I. Candelaria Rosa, Presidente del Panel III, en sustitución del Hon. Félix R. Figueroa Cabán, quien se acogió al retiro el 5 de mayo de 2025.

El auto de *certiorari* es el vehículo procesal discrecional y extraordinario mediante el cual un Tribunal de mayor jerarquía puede rectificar errores jurídicos, tanto en el ámbito provisto por la Regla 52.1 de Procedimiento Civil de Puerto Rico, 32 LPRA Ap. V, R. 52.1 (2009), como de conformidad a los criterios dispuestos por la Regla 40 del Reglamento de este Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. En tal sentido, la función de un tribunal apelativo frente a la revisión de controversias a través del *certiorari* requiere valorar la actuación del foro de primera instancia y predicar su intervención en si la misma constituyó un abuso de discreción; en ausencia de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia. *Zorniak v. Cessna*, 132 DPR 170 (1992); *Lluch v. España Service Sta.*, 117 DPR 729 (1986). En particular, al evaluar la procedencia de la expedición de un auto de *certiorari* post-sentencia, corresponde recurrir a la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. La precitada regla establece los criterios que se deben examinar a tales fines:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

En este caso, no se advierte alguna de las circunstancias contenidas en dicha regla que justifique la expedición del auto de *certiorari* solicitado. La determinación del foro recurrido no comporta un exceso de su discreción ni elucida una actuación prejuiciada, parcial o manifiestamente errónea que justifique la intervención de este Tribunal. Lo cierto es que no resulta irrazonable estimar que el Tribunal de Primera Instancia hubiese considerado que el Recurrente eludió sustentar su petición de relevo con argumentos puntuales sobre jurisdicción fundamentados en defectos de notificación de la sentencia, el trámite de la rebeldía, o de cualquier otro modo. Tampoco resulta descabellado considerar que, en lugar de ello, el foro recurrido haya concluido que el Recurrente eligió aludir a una variedad de asuntos, como la doctrina de actos propios o la de la buena fe, que estaban mas bien referidos a la demanda original y no al incumplimiento del acuerdo posterior que se reclamaba.

Por tanto, se deniega expedir el auto de *certiorari* solicitado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones